UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLAS ZEMLICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHERIFF BRAD BURKHART ) <br> (in his official and individual capacities), ) <br> MATTHEW BOOTS ) <br> (in his official and individual capacities), ) <br> LUKE SCHMIDT ) <br> (in his official and individual capacities), ) <br> QUALITY CORRECTIONAL CARE, LLC, JOHN D. ) <br> LEE, ERIK K. TCHAPTCHET, DIANE ELROD, ) <br> DEBRA A. SHOOK, MARY P. BULGARELLI, ) <br> MEGAN ARMSRTONG, KARA M. VINARD, ) <br> REBECCA JONES, BRIDGET HOLMES, ) <br> GUYANA D. BEDWELL, HANNAH HATCHETT, ) <br> LIZA WILLIS, STEPHANIE D. CLAPP, AMBER M. ) <br> MCQUEARY, KERRIGAN M. FEIDER, and ) <br> HOLLY CALHOUN, ) <br> ) <br> Defendants. ) | Case No. <br> 1:22-cv-02319-MPB-MJD |

**DEFENDANT SHERIFF BRAD BURKHART'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

The Defendant, Brad Burkhart, by counsel and pursuant to Federal Rules 26 and 33, submits the following answers to Plaintiff's first set of interrogatories:

<u>Interrogatory No. 1:</u>  Identify any and all individuals who were contacted in any way to provide responses to the interrogatories or requests for production of documents that have been served on you in this action. Identify all documents related to the answer to this interrogatory.

1

**Answer:** **Sheriff Brad Burkhart. The undersigned counsel assisted in preparation of these responses.**

Interrogatory No. 2: Describe in detail all searches, analyses, investigations, processes, examinations and reviews that were performed to develop the responses to the interrogatories or requests for production of documents that have been served on you in this action. Identify all documents related to the answer to this interrogatory.

**Answer:** **Objection. This Interrogatory seeks the mental impressions, conclusions, opinions, strategies, and legal theories of an attorney. Subject to and without waiving such objection, Defendant states: As to the responses to the requests for production, he conducted a reasonably diligent search to provide responses to Plaintiff's requests consistent with Rule 34's requirements. As to the interrogatories, Defendant has made a reasonable and good-faith effort to answer them consistent with Rule 33's requirements.**

Interrogatory No. 3: Identify all individuals who have any knowledge or whom you believe to have knowledge, information, and/or documents regarding any allegation, admission, denial or other response of any kind and/or defense and/or affirmative defense contained in: (a) the complaint filed in this matter and/or (b) any answer and affirmative defenses filed in this matter. identify all documents related to the answer to this interrogatory.

**Answer:** **Objection. It is unclear what information this Interrogatory seeks. The Plaintiff himself would have knowledge of the allegations in his complaints. The Defendants' affirmative defenses speak for themselves. Defendant refers the Plaintiff to Defendants' initial disclosures and any present or forthcoming witness and exhibit list required by the CMP in this action.**

Interrogatory No. 4: With respect to each document or item of evidence you intend to or may offer in these proceedings, or in support or opposition to any dispositive motion, please:

    a) identify all such documents or items of evidence;

    b) Describe in detail each such document or item; and

    c) Provide the name and address of the person who presently has possession and control of each such document or item of evidence.

**Answer:** **Unknown at this time. Defendant refers the Plaintiff to Defendants' initial disclosures and any present or forthcoming witness and exhibit list required by the CMP in this action.**

Interrogatory No. 5: Identify each expert witness that you intend to call, or whose testimony you intend to offer, in these proceedings, at a hearing or in support of or opposition to any motion, and with respect to each expert identified here or disclosed at any point, state:

    a) The expert's occupation or profession and fields of specialty;

    b) The substance of the facts and opinions to which the expert is expected to testify;

    c) A summary of the grounds for each such opinion;

    d) The identify of each document upon which the expert has relied or is expected to rely on in forming any opinion to which the expert is expected to testify; and

    e) The identity of any reports or other documents, including without limitation, all drafts the expert has prepared relating to the subject matter of this case.

  f)  Identify all documents related to the answer to this interrogatory.

  **Answer:**  **Unknown at this time. This Answer will be supplemented consistent with Trial Rule 26 and 33's requirements, as well as those outlined in the CMP.**

Interrogatory No. 6: Any other individual who is expected to testify in these proceedings, or a hearing, or to provide a sworn written statement, and with respect to each individual, state the substance of the facts and opinions to which the witness is expected to testify, and identify the documents that the witness is expected to discuss, rely on, or refer to.

  **Answer:**  **Unknown at this time. Defendant refers the Plaintiff to Defendants' initial disclosures and any present or forthcoming witness and exhibit list required by the CMP in this action.**

Interrogatory No. 7: State whether you have taken or attempted to take the statement (either written or oral, formal or informal) of any witnesses or are aware of any statements by persons regarding the accuracy or inaccuracy of any of the allegations in any pleading. identify each such statement, its speaker, and the individual who is in possession of the statement(s). identify all documents related to the answer to this interrogatory.

  **Answer:**  **None.**

Interrogatory No. 8: Identify all persons (other than prisoners or detainees) who interacted with Mr. Zemlick at any point during the period from December 1, 2020, through July 31, 2021. Identify all documents related to the answer to this interrogatory.

  **Answer:**  **Defendant refers the Plaintiff to the work schedules in the Defendant Brad Burkhart's Responses to Plaintiff's Request for Production.**

Interrogatory No. 9:  All persons with the authority or responsibility for ensuring Mr. Zemlick received adequate medical care at any point during the period from December 1, 2020, through July 31, 2021. For each such person, describe in detail their scope and source of their authority and responsibility. Identify all documents related to the answer to this interrogatory.

**Answer:** **The Hancock County Defendants are neither medical experts nor medically trained. Consistent with the Hancock County Sheriff's Office's obligations under federal and state law, HCSO contracted with Quality Correctional Care, LLC to provide medical care at Hancock County Jail. HCSO generally defers to QCC and other medical professionals on the adequate medical care of any detainees. Defendant refers the Plaintiff to Defendant Brad Burkhart's Reponses to Plaintiff's Request for Production concerning any QCC-related documents or items.**

Interrogatory No. 10: Describe in detail your knowledge and understanding of Mr. Zemlick's medical condition during the period from December 1, 2020, through July 31, 2021. Identify all documents related to the answer to this interrogatory.

**Answer:** **As Hancock County Sheriff, I have the responsibility of leading the Hancock County Sheriff's Office, which operates and maintains Hancock County Jail. HCSO consists of over 100 employees, with nearly 50 sworn deputies and over 60 civilians (which includes jail officers and administrative staff). Hancock County Jail houses an average daily population of 240 inmates. The Sheriff is also responsible for the management of an annual budget of more than $12,000,000, which is subject to approval by the County Council. As a consequence of the having these significant managerial and leadership responsibilities, I did not work any shiftwork or engage in any of the traditional law enforcement and security functions that HCSO's correctional officers and merit deputies do at the Hancock County Jail at any point during Nicholas Zemlick's incarceration. The extent of my knowledge is a**

> **December 27, 2020 email, which I was copied on, informing me that Mr. Zemlick was transported to the hospital on December 26, 2020. Beyond that, I never communicated or interacted with Mr. Zemlick, nor did I have any knowledge of any medical condition he had.**

Interrogatory No. 11: Describe in detail all reasons why you did not arrange for Mr. Zemlick to be seen by a physician (at the Hancock County jail or at a hospital) at any point beginning on December 16, 2020, until he was transported to the Sidney & Lois Eskenazi Hospital on December 26, 2020. identify all documents related to the answer to this interrogatory.

**Answer:** See Answer to Interrogatory Nos. 9 and 10, above.

Interrogatory No. 12: All reports from January 1, 2016, through the present. For each such report, please identify the following:

1) The date of the report;

2) The person(s) who made the report;

3) The person(s) who received the report;

4) The actions taken as a result of the report.

5) Identify all documents related to the answer to this interrogatory.

**Answer:** **Objection. This Interrogatory seeks information which is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of this case. Defendant further objects to any such definition employed in this Interrogatory as ambiguous and vague.**

Interrogatory No. 13: Identify all communications, involving you, relating to the allegations in the *Amended Complaint* [Dkt. 46]. Identify all documents related to the answer to this interrogatory.

**Answer:** **Objection. This Interrogatory seeks information which is**

>   **duplicative of other items requested and already produced in discovery. Subject to and without waiving such Objection, and to the extent any such items exist, Defendant refers the Plaintiff to the emails produced in Defendant Brad Burkhart's Responses to Plaintiff's Request for Production.**

<u>Interrogatory No. 14</u>: Identify all communications, involving you, relating to reports from January 1, 2016, through the present. Identify all documents related to the answer to this interrogatory.

>   **Answer:**    **Objection. This Interrogatory seeks information which is overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of this case. Defendant further objects to any such definition employed in this Interrogatory as ambiguous and vague. This Interrogatory is also duplicative of other items already requested and produced in previous discovery.**

>   Respectfully submitted, and as to Objections,
>
>   **TRAVELERS STAFF COUNSEL INDIANA**
>
>   By:   /s/ *Adam S. Willfond*
>           Adam S. Willfond, 31565-49

## VERIFICATION

I affirm under the penalties of perjury that the foregoing responses are true and accurate to the best of my knowledge and belief.

_____
Brad Burkhart

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been duly served electronically upon all persons listed below via Email, on August 30, 2023:

Benjamin C. Ellis bellis@hkm.com
Natalie R. Dickey ndickey@hkm.com
HKM Employment Attorneys

Brandon E. Tate brandon@wtb-law.com
Waldron Tate Bowen LLC

Douglas Bitner doug.bitner@skofirm.com
Sarah J. Shores-Scisney sarah.shores@skofirm.com
Stoll Kennon Ogden PLLC

                                              By:   */s/ Adam S. Willfond*
                                                    Adam S. Willfond, 31565-49

TRAVELERS STAFF COUNSEL INDIANA
280 E. 96th Street, Suite 325
Indianapolis, IN 46240
**_Mailing Address:_**  P.O. Box 64093, St. Paul, MN 55164-0093
317.818.5111
awillfon@travelers.com

ASW:kmm